IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-CR-00114-KDB-DSC-1

| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MAURICE KAMGAING | ) | |
| | ) | |

**THIS MATTER** is before the Court upon a motion of the defendant *pro se* for a recommendation to the Bureau of Prisons for placement in a Residential Re-Entry Center under the Second Chance Act of 2007 which was reauthorized by Section 603 of the First Step Act of 2018. (Doc. No. 35). According to the Bureau of Prison website, the defendant is scheduled to be released from prison on August 10, 2024.

It is the responsibility of the Attorney General, through the Bureau of Prisons, to designate the place of incarceration, *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (authority to designate place of confinement vested in BOP), which is reflected in the language of the statute that "[t]he Attorney General, in coordination with the Director of the Bureau of Prisons, shall,…, conduct the following activities to establish a Federal prisoner reentry initiative." 34 U.S.C. § 60541(a).

The Court hereby declines to make such a recommendation because defendant's current sentence and conditions of custody are sufficient but not greater than necessary to accomplish the goals of sentencing. Furthermore, at this stage in

Defendant's sentence, the custodial authorities are more informed and qualified to make such decisions regarding conditions of custody.

**IT IS, THEREFORE, ORDERED**, that the defendant's *pro se* motion for recommendation for placement in a Residential Re-Entry Center (Doc. No. 35), is **DENIED**.

**SO ORDERED.**

Signed: January 12, 2023

Kenneth D. Bell
United States District Judge